# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# (CHARLESTON DIVISION)

**RACHEL COMER** and
**SCOTT COMER,**

    **Plaintiffs,**

v.

**CIVIL ACTION NO.** 2:24-cv-00025
**(Removal from Jackson County Circuit Court, Civil Action No. 23-C-117)**

**DIVERSIFIED PRODUCTION, LLC,**
a Pennsylvania limited liability company,

    **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Diversified Production, LLC ("Diversified") files this Notice of Removal, removing Civil Action No. 23-C-116 from the Circuit Court of Jackson County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, and in support, state as follows:

*Statement of Removal*

1. On or about December 14, 2023, Plaintiffs Rachel Comer and Scott Comer ("Plaintiffs") commenced the above captioned action in the Circuit Court of Jackson County, West Virginia by filing a Complaint, which has been indexed as Civil Action No. 23-C-117 (the "Complaint").

2. Diversified was served with a copy of the Complaint via process server on its agent, CT Corporation System, on December 14, 2023.

3. On or about December 21, 2023, Plaintiffs filed an Amended Complaint in the Circuit Court of Jackson County, West Virginia. Diversified was served with a copy of the

{B3419371.4}                           1

Amended Complaint via process server on its agent, CT Corporation System, on December 21, 2023.

4. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **<u>Exhibit 1</u>** is a copy of the Jackson County, West Virginia docket for this matter and a true and correct copy of the Summons, Complaint and all process, pleadings and orders served on Diversified.

5. Diversified has not filed a responsive pleading in the Circuit Court of Jackson County, West Virginia.

6. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).

7. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." *See* 28 U.S.C. § 1332(a).

8. As set forth below, because the matter in controversy in this case exceeds $75,000.00, exclusive of interest and costs, in value, and because the case arises between citizens of different states it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

*Diversity of Citizenship*

9. Based upon the information available to Diversified, there is complete diversity between Plaintiffs and Defendant.

10. As alleged in the Complaint, and upon information and belief, Plaintiffs are residents and citizens of Jackson County, West Virginia. *See* **Exhibit 1**, Amended Complaint, ¶ 1.

11. Diversified is a Pennsylvania limited liability company. "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). Diversified's sole managing member is Diversified Gas & Oil Corporation. Diversified Gas & Oil Corporation is a Delaware Corporation with its principal place of business in Alabama. Therefore, Diversified is a citizen of Delaware and Alabama.

12. Based on the foregoing, there is complete diversity of citizenship between Plaintiffs and Diversified making this action within the original jurisdiction of the district court. *See* 28 U.S.C. § 1332(a).

*Amount in Controversy*

13. "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 932 (S.D. W.Va. 1996); *see also Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

14. To calculate the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D. W.Va. 1994). In conducting this analysis, the court may consider:

> [T]he type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d. 844, 850 (S.D. W.Va. 1997) (internal citations omitted). In addition, a court is permitted to use "common sense" when making its decision. *See Mullins*, 861 F. Supp. at 24. "It is appropriate to consider the affidavit under existing District precedent." McCoy, 147 F. Supp. 2d at 493 (citing *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). Where the monetary demand is not specified in the complaint, "the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *See Sayre v. Potts*, 32 F. Supp. 2d 788, 790-791 (S.D. W.Va. 2002).

15. The Amended Complaint seeks damages as a result of alleged personal injuries from the plugging of a natural gas well on a neighboring property. Plaintiffs allege that improper flaring from the well caused them to become sick and that they further suffered psychological effects from fear from an alleged gas leak.

16. As a result, Plaintiffs have asserted a claim for negligence as well as numerous allegations of statutory violations by Diversified. Prior to the filing of the Complaint, Plaintiffs made a verbal demand upon Diversified for damages in excess of $75,000.00.

17. In addition, Plaintiffs' Amended Complaint also seeks an award of attorneys' fees. Where the recovery of attorneys' fees is requested by a plaintiff, such fees are also required to be added to the value of the amount in controversy for purposes of establishing whether the

jurisdictional minimum has been reached. *Weddington v. Ford Motor Credit Co.,* 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999).

18. Based upon the evidence of record, and taking into consideration the pre-suit demand in excess of $75,000.00 as well as the demand for attorneys' fees, Diversified has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy threshold of $75,000.00 is exceeded in this action.

### *Removal Procedure*

19. Removal of the above-captioned matter is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Diversified.

20. Removal is properly made to the United States District Court for the Southern District of West Virginia, Charleston Division, under 28 U.S.C. § 1441(a), because Jackson County, where this action is pending, is within the Southern District of West Virginia, Charleston Division. *See* 28 U.S.C. § 129(a).

21. Diversified will file written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, West Virginia concurrently with the filing of this Notice and Removal and will serve the same on Plaintiffs pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Diversified Production, LLC removes this action from the Circuit Court of Jackson County, West Virginia, and request that this action proceed as properly removed to this Court.

Respectfully submitted,

*/s/ Matthew S. Casto*
Matthew S. Casto (WVSB #8174)

                        Tiffany M. Arbaugh (WVSB #9982)
                        Babst Calland, P.C.
                        300 Summers Street, Suite 1000
                        Charleston, WV  25301
                        Telephone:  681.205.8888
                        Facsimile:  681.205.8814
                        mcasto@babstcalland.com
                        tarbaugh@babstcalland.com
                        *Counsel for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## (CHARLESTON DIVISION)

**RACHEL COMER and**
**SCOTT COMER,**

    Plaintiffs,

v.                                         **CIVIL ACTION NO.** 2:24-cv-00025
                                                   **(Removal from Jackson County**
                                                   **Circuit Court, Civil Action No.**
                                                   **23-C-117)**

**DIVERSIFIED PRODUCTION, LLC,**
**a Pennsylvania limited liability company,**

    Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was electronically filed January 10, 2024 using the Court's CM/ECF system. I further certify that I served a copy of the NOTICE OF REMOVAL, by electronic mail and by US mail, postage prepaid, to the following:

                        O. Gay Elmore, Esquire
                     Otmer Gay Elmore III, Esquire
                         121 Summers Street
                         Charleston, WV  25301
                         *Counsel for Plaintiff*

                                         */s/ Matthew S. Casto*
                                         Matthew S. Casto (WVSB #8174)