IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RACHEL COMER, et al.,

        Plaintiffs,

v.                                                                                  CIVIL ACTION NO. 2:24-cv-00025

DIVERSIFIED PRODUCTION LLC
*a Pennsylvania limited liability company,*

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Diversified Production LLC's ("Defendant") Motion for Summary Judgment. (ECF No. 25.) For the reasons discussed below, Defendant's motion is **GRANTED**.

### I.    BACKGROUND

The background facts in this case can be found in the summary judgment Memorandum Opinion and Order entered in the companion case, *Dakota Comer v. Diversified Production, LLC* (2:24-cv-00024). In this case, Rachel and Scott Comer ("Plaintiffs") are "no longer pursuing any physical property damage claims" and are only seeking damages as to loss of use and the alleged illnesses suffered by Plaintiffs. (ECF No. 27 at 1-2.)

### II.    LEGAL STANDARD

A grant of summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

1

Fed. R. Civ. P. 56(a).  For the nonmovant to survive a summary judgment motion, they must counter with a "show[ing] that there is a genuine dispute of material fact."  *Simmons v. Whitaker*, 106 F.4th 379, 384–85 (4th Cir. 2024).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party."  *News and Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).  Either party may prove or disprove a genuine dispute of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  In determining the existence of a genuine dispute of material fact, the Court must "view all facts, and reasonable inferences taken therfrom, in the light most favorable to the nonmoving party."  *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024).

### III.   DISCUSSION

In support of their Motion for Summary Judgment, Defendant produces two arguments: (1) Plaintiffs cannot recover for loss of use without physical damage to the property; and (2) Plaintiffs have no evidence to support a claim for medical expenses.  (ECF No. 28.)

#### A. Loss of Use Claim

Defendant argues that Plaintiffs are unable to recover for any property related expenses because Plaintiffs conceded that their property suffered no physical damage.  (*Id.* at 1-2.) Plaintiffs argue that Defendant's "negligence has caused a loss of use for their property as well as made the Plaintiffs physically ill."  (ECF No. 27 at 4.)  However, Plaintiffs cannot collect

damages for loss of use to the property when Plaintiffs admit that "no physical property damage has been suffered by these Plaintiffs." (*Id.* at 1.) In fact, Plaintiffs' own language in their response memorandum directly contradicts their claim for loss of use. Plaintiffs stated that "West Virginia law is clear, 'When residential real property is damaged . . . the owner may also recover the related expenses stemming from the injuring, annoyance, inconvenience, and aggravation, and loss of use.'" (*Id.* at 4) (citing *Brooks v. City of Huntington*, 768 S.E.2d 97 (W.Va. 2014)). The operative term here is: "when residential property is damaged." Because Plaintiffs conceded that physical damage did not occur to the property, Plaintiffs have no claim for loss of use. Therefore, there is no genuine dispute of material fact as to this claim.

### B. Physical Illness Claim

Defendant argues that Plaintiffs did not produce evidence to support a claim for medical expenses. (ECF No. 28 at 3.) Plaintiffs argue that they "established for the record in this matter that they both became sick as a result of the improper flaring of gas from the subject well." (ECF No. 27 at 4.) In support of this, Plaintiffs provided an excerpt from Rachel Comer's deposition where she described Plaintiffs' illness symptoms. (*Id.*)

Under West Virginia law, "proof of damages cannot be sustained by mere speculation or conjecture." *Nutter v. Marteney*, 2024 WL 4137323 at *6 (S.D. W. Va. Sep. 10, 2024) (citing *Spencer v. Steinbrecher*, 164 S.E.2d 710, 715 (W. Va. 1968)). "Actual damages . . . must be proved." *Metro Towers, LLC v. Duff*, 2022 WL 2037685 at *6 (N.D. W. Va. June 6, 2022) (citing *Rodgers v. Bailey*, 69 S.E. 698, 699 (W. Va. 1910)). In civil actions seeking damages, "the evidence must afford data, facts and circumstances, reasonably certain, from which the jury may find compensation for the loss suffered by reason of the injury proved." *Id.*

3

Here, Plaintiffs did not produce any evidence of actual damages stemming from their alleged illnesses. Plaintiffs admitted that they did not seek medical treatment and were never told by a doctor or a medical expert that their headaches were caused by gas or the subject well itself. (ECF No. 28-1 at 71; 28-2 at 39.) Plaintiffs also did not conduct any testing to determine where the gas odor was emitting from. (ECF No. 28-1 at 74.) Plaintiffs have produced zero evidence of actual damages or causation relating to their alleged illnesses. Therefore, a genuine dispute of material fact does not exist, and Defendant is entitled to judgment as a matter of law.

### IV.   CONCLUSION

For the above-mentioned reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (ECF No. 25.)

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   August 4, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE